UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BARKO HYDRAULICS,<br><br>          Plaintiff,<br><br>v.<br><br>PENINSULA POWDER COATING, INC.,<br><br>          Defendant. | CIVIL ACTION NO.:<br><br>SECTION:<br><br>MAGISTRATE: |

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned Counsel, comes Plaintiff Barko Hydraulics, LLC (hereinafter, "Barko"), who files this Complaint for Damages against Defendant Peninsula Powder Coating, Inc. (hereinafter, "PPC") and alleges upon information and belief as follows:

### I.  PARTIES

1. Plaintiff, Barko Hydraulics, LLC is a limited liability company organized under the laws of Delaware with a principal place of business in Superior, Wisconsin.

2. Defendant Peninsula Powder Coating, Inc. is a Michigan corporation with a principal place of business in Baraga, Michigan.

## II.     JURISDICTION AND VENUE

3. Jurisdiction is proper under 28 U.S.C. §1332, as Plaintiff and Defendant are diverse and the amount in controversy exceeds $75,000.

4. Venue is proper as the events and damages sued upon occurred within this district.

## III.     FACTUAL ALLEGATIONS

5. Plaintiff Barko is a manufacturer of high-quality forestry equipment, offering long-lasting equipment that can perform harvesting, loading, land clearing and other functions in the forestry industry.

6. Defendant PPC is a powder coating company that provides powder coating services to a variety of companies, including equipment manufacturers such as Barko.

7. Per Defendant PPC's website, it "provides [customers] with a tough, durable finish with superior corrosive protection. Our coatings can be applied to a wide range of materials."  It further states that "[w]ith three large state-of-the-art powder lines, Peninsula Powder Coating can easily handle your biggest jobs …. We can accommodate main frames, boom sections, fork attachments, and other large components. By using only the highest quality powders, chip-resistant primers and pre-treat techniques, we protect your product and your reputation." *See* http://www.peninsulapowdercoating.com/commercial, accessed Nov. 17, 2020.

8. In the late summer of 2016, Barko retained Defendant PPC's services to powder coat the tank weldment on its new model Barko 240B Track Harvester/Feller Bunchers. *See* Purchase Order Terms And Conditions, attached as **Exhibit A**.

9. Barko purchased the tank weldments for these new machines from another supplier and sent them to Defendant PPC to be painted.

2

10. The first of these weldment tanks painted by Defendant PPC was received at Barko on August 29, 2016. The tank was not properly painted/powder coated. Because of these issues, Barko sent the tank back to Defendant PPC for rework.

11. Barko received the reworked tank on October 24, 2016 and began production on the machine utilizing this tank on October 27, 2016. The serial number for this Model 240B Track Harvester/Feller Buncher is: 11724023672 (hereinafter the "subject 240B").

12. The subject 240B was sold to a Barko dealer on December 29, 2016, and then to a customer on September 17, 2017.

13. Almost immediately upon receipt, the customer began experiencing performance issues. Over a period of four weeks, the Barko dealer who sold the subject 240B provided extensive job-site service in an attempt to correct the issues and troubleshoot. However, the problems could not be corrected.

14. Eventually, the machine was hauled to the dealer, and Barko began to investigate the source of the performance issues, which stemmed from the powder coated tank.

15. Because the performance issues could not be resolved, Barko was forced to provide a replacement machine to the customer free of charge on October 28, 2017.

16. Ultimately, the customer purchased the replacement machine, serial number 11724024000, and the damaged 240B was taken on trade to the dealer.

17. Barko was then forced to credit the dealer for the full value of the damaged 240B and had to absorb the full cost of the replacement 240B that was provided to the customer.

18. Barko undertook extensive testing to determine the problems with this brand-new 240B machine. Upon close inspection, it was determined that the subject 240B was fully contaminated with steel grit blast media throughout the entire hydraulic system and the fuel tank.

19. Indeed, this steel grit media was in all major components of the 240B, including the hydraulic tank, fuel tank, valves, filters, cylinders, and pumps.

20. Samples taken from the machine demonstrated that this steel grit media was consistent with the steel grit media used by Defendant PPC for paint preparation.

21. Pursuant to the specifications Barko provided, Defendant PPC agreed to plug all bored holes, plug all threaded holes, paint per Barko's specifications, get no paint on machined surfaces, and remove all shot blasted material from the tanks. *See* Specifications, attached as **Exhibit B**.

22. Defendant PPC failed to meet these specifications and instead contaminated the machine with steel grit media, resulting in the damage to the subject 240B.

23. Because of Defendant PPC's actions and omissions, the subject 240B is no longer operational or saleable and Barko has suffered damages and losses.

## IV. FIRST CAUSE OF ACTION – BREACH OF CONTRACT

24. Barko incorporates Paragraphs 1-23 above, as if herein realleged, and states further as follows:

25. Plaintiff Barko and Defendant PPC had an agreement pursuant to which Defendant PPC was to provide powder coating services for Barko. Purchase Order Terms And Conditions, **Ex. A**; Specifications, **Ex. B**.

26. Pursuant to the parties' agreement, in powder coating the tank weldment, Defendant PPC was to plug all bored holes, plug all threaded holes, paint per Barko's specifications, get no paint on machined surfaces, and remove all shot blasted material from the tanks. Specifications, **Ex. B.**

27. Defendant PPC breached that agreement by delivering a tank weldment fully

contaminated with shot blasted steel grit material.

28. Barko was harmed by Defendant PPC's breach as it lost the entire cost of the contaminated machine and has devoted many hours to trying to determine the cause of the contamination.

### V. SECOND CAUSE OF ACTION – BREACH OF EXPRESS WARRANTY

29. Barko incorporates Paragraphs 1-28 above, as if herein realleged, and states further as follows:

30. Defendant PPC, at all times relevant hereto, expressly warranted to its customers, including Barko, that its powder coating services would be of high quality, merchantable and fit for the purpose for which they are ordinarily or foreseeably used. Purchase Order Terms And Conditions, ¶ 7, **Ex. A**.

31. Specifically, Defendant PPC warranted that items will be "merchantable, fit, and sufficient for the purpose intended, and will be of good material and workmanship and free from defects, and if ordered to [Barko's] description, will conform to the design, specifications, drawings, blueprints, samples, or other technical description furnished or adopted by [Barko]. *Id.*

32. Defendant PPC breached this express warranty by contaminating the weldment tank for the 240B machine with steel grit media when it performed its powder coating services.

33. The contaminated condition of the weldment tank for the 240B existed from the time it left Defendant PPC's control, and continues to the present.

34. Defendant PPC's breach of warranty was a proximate cause of the damages and losses Barko has suffered due to the subject 240B.

35. All conditions precedent to this cause of action have been satisfied.

### VI. THIRD CAUSE OF ACTION – BREACH OF IMPLIED WARRANTY

36. Barko incorporates Paragraphs 1-35 above, as if herein realleged, and states further as follows:

37. Defendant PPC, at all times relevant hereto, impliedly warranted to its customers, including Barko, that its powder coating services would be of high quality, merchantable and fit for the purpose for which they are ordinarily or foreseeably used. *See* Purchase Order Terms And Conditions, ¶ 7, **Ex. A**.

38. Defendant PPC breached the implied warranty of merchantability and fitness for a particular purpose by contaminating the weldment tank for the 240B machine with steel grit media when it performed its powder coating services.

39. The contaminated condition of the weldment tank for the 240B existed from the time it left Defendant PPC's control, and continues to the present.

40. Defendant PPC's breach of warranty was a proximate cause of the damages and losses Barko has suffered due to the subject 240B.

41. All conditions precedent to this cause of action have been satisfied.

### VII.   FOURTH CAUSE OF ACTION – NEGLIGENCE BY DEFENDANT PPC

42. Barko incorporates Paragraphs 1-41 above, as if herein realleged, and states further as follows:

43. Defendant PPC was, at all times relevant to this action, a corporation in the business of, among other things, providing a full spectrum of powder coating services to manufacturing companies like Plaintiff Barko and other customers. Defendant PPC has derived substantial income from the provision of these services in the State of Wisconsin.

44. Defendant PPC had a duty to use ordinary care in the provision of its services so that the equipment and components that were powder coated could be used for their intended

purposes and any other reasonably foreseeable purpose.

45. Notwithstanding its duties, Defendant PPC negligently conducted its powder coating services, resulting in contamination of Plaintiff Barko's 240B, such that it could not be used for its intended purposes, or any other purposes.

46. As a proximate result of Defendant PPC's negligence, Plaintiff Barko has suffered damages in excess of $157,000.

## VIII. DAMAGES

47. Plaintiff Barko is entitled to such damages that to a jury may seem fair and just for its losses suffered as a result of Defendant PPC's acts and omissions, including (but not limited to) the time spent in analyzing and addressing the issue, the loss of the cost of the subject 240B, the loss of the cost of the replacement 240B, and other consequential damages.

## IX. JURY TRIAL

48. Plaintiff Barko prays for a trial by jury.

**WHEREFORE,** Plaintiff Barko respectfully prays:

1. That this Complaint for Damages be filed, and Defendant PPC duly cited and served;

2. After due proceedings are had, there be judgment in favor of Plaintiff Barko, and against Defendant PPC, for all relief prayed for herein and/or recoverable as a matter of law on all counts set forth herein, judicial interest as allowed by law, as well as for all costs, fees, expenses and attorney's fees incurred in the prosecution of this litigation, as well as interest on those sums; and

3. For any and all such other relief available at law or equity and that may be determined by this Court to be just and proper.

Dated: November 17, 2020						Respectfully submitted,

							**SHOOK, HARDY & BACON L.L.P.**

							By: */s/ Brandon K. Gutshall*
							    Brandon K. Gutshall
							    2555 Grand Boulevard
							    Kansas City, Missouri  64108-2613
							    Telephone:  816-474-6550
							    Facsimile:   816-421-5547
							    bgutshall@shb.com

							***ATTORNEY FOR PLAINTIFF BARKO HYDRAULICS***

4847-2759-1887 v1

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 17th day of November 2020, a true and accurate copy of Plaintiff Barko's Complaint and Summons were served via First-Class Mail on Defendant Peninsula Powder Coating, Inc. as follows:

Peninsula Powder Coating, Inc.
128 Hemlock Street
Baraga, MI 49908

Respectfully submitted,

By: /s/ *Brandon K. Gutshall*
Brandon K. Gutshall, MO #61848

***ATTORNEY FOR PLAINTIFF BARKO HYDRAULICS***