IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BARKO HYDRAULICS,

                Plaintiff,                      OPINION AND ORDER

v.

                                                20-cv-1043-wmc

PENINSULA POWDER COATING, INC.,

                Defendant.

      The court is in receipt of defendant Peninsula Powder Coating, Inc.'s motion filed on December 22, 2020.  (Dkt. #8.)  Although styled as a motion for summary judgment, that motion is brought under Federal Rules of Civil Procedure 12(b)(1) and (6), and accordingly is actually a motion to dismiss.  In the motion, defendant specifically argues that:  (1) plaintiff has failed to adequately plead diversity jurisdiction; and (2) plaintiff's negligence count is time-barred because it was brought outside of the applicable, three-year statute of limitations.  While the court will not yet reach the second issue, and permit briefing to proceed as scheduled, the court agrees with defendant as to the first issue -- namely, that plaintiff has failed to plead diversity jurisdiction properly.

      Under 28 U.S.C. § 1332, diversity jurisdiction is present where the matter in controversy exceeds the sum or value of $75,000 and complete diversity between the parties exists.  Here, plaintiff has properly alleged the amount in controversy, but has *not* alleged sufficient facts to determine whether diversity between the parties exists. Specifically, plaintiff has alleged that it is a "limited liability company organized under the laws of Delaware with a principal place of business in Superior, Wisconsin."  (Compl. (dkt.

#1) ¶ 1.) And it has alleged that defendant Peninsula Powder Coating, Inc. "is a Michigan corporation with a principal place of business in Baraga, Michigan." (*Id.* ¶ 2.)

However, "[f]or diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Since plaintiff is an LLC, the present allegations regarding its place of incorporation and principal place of business are simply irrelevant to determining its citizenship. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009) ("The notice of removal therefore gave two pieces of irrelevant information about Aurora (the state of its principal place of business and that it was a Delaware company) while failing to provide the information critical to determining its citizenship: the citizenship of its members.").

Before dismissing this action for lack of jurisdiction, plaintiff will be given leave to file an amended complaint establishing diversity jurisdiction by alleging the names and citizenship of each member of both parties. In alleging the LLC's citizenship, plaintiff should be aware that if *any* members of the LLCs are themselves a limited liability company, partnership, or other similar entity, then the individual citizenship of each of those members and partners must also be alleged as well: "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

Again, the court does not yet reach the statute of limitations issue raised by defendant, other than to note that: (1) its citation to the three-year statute of limitations for "an accident involving a motor vehicle" under Wis. Stat. § 893.52(2), rather than the

catch-all, six-year limitations in § 893.52(1) is wholly inexplicable on the pleadings to date; and (2) any negligence claim under Wisconsin law would appear to run headlong into its now expansive, Economic Loss Doctrine, regardless.

ORDER

IT IS ORDERED that:

1) Plaintiff shall have until January 12, 2021, to file and serve an amended complaint containing good faith allegations sufficient to establish federal jurisdiction. Failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

2) The clerk's office is ordered to convert defendant's motion at dkt. #8 to a motion to dismiss, as opposed to a motion for summary judgment.

Entered this 4th day of January, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge